UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

NOAH HANCOCK SIMMONS, II,

                Plaintiff           DECISION AND ORDER

-vs-

                                      04-CV-6610 CJS

GIAMBRUNO, et al.,

                Defendant
_____

Now before the Court is Plaintiff's Motion to Appoint Counsel [#68]. The Court must consider certain factors in deciding whether or not to appoint counsel. There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1. Whether the indigent's claims seem likely to be of substance;
    2. Whether the indigent is able to investigate the crucial facts concerning his claim;
    3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
    4. Whether the legal issues involved are complex; and
    5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

1

Having considered these factors, Plaintiff's application [#68] is denied, for essentially the same reasons given in a previous Decision and Order [#38] of the Court denying appointment of counsel.

SO ORDERED.

Dated:   Rochester, New York
         January  5 , 2009

                              ENTER:

                              *Charles Siragusa*
                              CHARLES J. SIRAGUSA
                              United States District Judge