UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NOAH HANCOCK SIMMONS, II,

                                    Plaintiff            DECISION AND ORDER

-vs-
                                                         04-CV-6610 CJS
GIAMBRUNO, et al.,

                                    Defendant

_____

This is an action pursuant to 42 U.S.C. § 1983, in which Plaintiff, a prison inmate, proceeding *pro se*, is suing various employees of the New York State Department of Correctional Services ("DOCS") for alleged violations of his federal constitutional rights. On January 26, 2009, Defendants filed a motion for judgment on the pleadings in this action, on two grounds: 1) plaintiff improperly sued the defendants in their official capacities for money damages; and 2) plaintiff failed to allege any personal involvement in the alleged constitutional violations by defendant Superintendent Giambruno ("Giambruno").

On March 5, 2009, the Court conducted a pre-trial conference, in which Plaintiff participated by video conference.  At that time, the Court and the parties discussed Defendants' motion for judgment on the pleadings.  With regard to Defendants' motion for judgment on the official capacity claims, Plaintiff explained, in essence, that at the time he commenced the action, he believed that he was required to sue Defendants in their official capacities, since they were employees of the State of New York. The Court indicated that it would give Plaintiff an opportunity to move to amend the complaint. The Court also stated that it would give Plaintiff an opportunity to apply for appointment of counsel, even though

1

the Court had denied several previous applications by Plaintiff for that relief.

Subsequently, the Court received two letters from Plaintiff, dated March 7, 2009 and March 15, 2009, respectively. The Court construes the first letter as a request for appointment of counsel. In the second letter, Plaintiff asks the Court to construe his Complaint as asserting claims against defendants in their individual capacities.

The Court having considered the applications in light of the applicable legal principles, it is hereby

ORDERED, that Plaintiff's application for appointment of counsel is denied, for the reasons stated in the Court's prior Decisions and Orders denying the same relief; and it is further

ORDERED, that Plaintiff's application to amend the Complaint is granted, and the Court will construe the Complaint as asserting claims against defendants in their individual capacities; and it is further

ORDERED, that on or before **April 6, 2009**, Plaintiff shall file and serve a response to Giambruno's motion for judgment on the pleadings, and in that regard, he shall explain how Giambruno was personally involved in the alleged constitutional violations.

SO ORDERED.

Dated:      Rochester, New York
            March 19, 2009

ENTER:


/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

2